[Crim. No. 920. First Appellate District, Division Two.—November 10, 1920.]

THE PEOPLE, Respondent, v. FRANK LEVOY, Appellant.

[1] CRIMINAL LAW—LEWD AND LASCIVIOUS ACTS—EVIDENCE—AGE OF CHILD.—A judgment of conviction on an information charging a defendant with the violation of section 288 of the Penal Code, which defines as a felony certain lewd and lascivious acts upon the body of a child under the age of ·fourteen years, must be reversed where there was no evidence of any character attempting to prove the age of the child.

[2] ID.—COMPETENCY OF WITNESS—PRELIMINARY EXAMINATION—INSUFFICIENT EVIDENCE OF AGE.—Statements made by the child in answer to questions of the court before she was sworn as a witness may not be treated as evidence of her age, since the interrogation involved only the question of the competency to testify.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Reversed.

The facts are stated in the opinion of the court.

Kenneth M. Green for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Appellant was tried and convicted on information charging him with the violation of section 288 of the Penal Code, which defines as a felony certain lewd and lascivious acts upon the body of a child under the age of fourteen years. After the jury was impaneled and sworn to try the case, and before any witnesses were sworn, the court interrogated the little girl who was the subject of the alleged attack for the purpose of determining whether she was qualified to appear as a witness. The court having satisfied itself that she was competent to testify, instructed the clerk to swear her as a witness. She was thereupon sworn and testified to the facts which were the basis of the prosecution. She was followed by her mother who corroborated her in certain particulars, and the people rested. The defendant took the stand in his own behalf and denied in particular all the testimony of the prosecution's witnesses. There was no evidence of any character attempting to prove the age of the child, and this is the ground which is assigned for the reversal of the judgment.

[1] Under the provisions of section 288 of the Penal Code it is essential that the subject of the attack must be a child under the age of fourteen years, and proof of that fact must be made. The answer made to the attack upon the verdict is that the jury had the child before it and could reasonably conclude from what it saw that she was under the age of fourteen, and that throughout the trial she was frequently referred to as a "little child" or a "little girl." But if the jury should be permitted to fix the age of the child simply by viewing her while a witness upon the stand, this essential issue of the prosecution might be determined by mere guess work. Probably no great harm would result to a defendant through this method in a case where the child was apparently under the age of fourteen, if the court would instruct the jury upon that issue, but no such instruction was given in this case. On the second proposition, the mere reference to a witness as a "little child" or as a "little girl" does not alone justify the conclusion that she was a child under the age of fourteen years.

[2] It is also argued that the statements of the child made in answer to the questions of the court before she was sworn as a witness may be treated as evidence of her age. But that interrogation involved only the question of the competency of the girl to testify, a matter which was not controverted by defendant. Her competency was a question within the discretion of the court (*People* v. *Stouter,* 142 Cal. 146, 151, [75 Pac. 780]; *People* v. *Bradford,* 1 Cal. App. 41, 43, [81 Pac. 712]), and was not an issue before the jury. The verdict of the jury must be supported by the evidence produced at the trial, and it is too plain to question that if a verdict is based upon facts which were not in evidence it cannot be sustained.

Furthermore, there being no competent evidence of the age of the child, and no attempt having been made by the prosecution to prove that fact, the defendant was not called upon to meet the question of the age of the child as he might have done if such evidence had been presented to the jury. In any event, it was incumbent upon the prosecution to prove the fact which was made an essential issue by the Penal Code section.

This is not a question of error resulting in a miscarriage of justice within the terms of section 4½ of article VI of the constitution, but is a total failure of proof of an essential fact, in the absence of which no crime was committed under the Penal Code section.

The judgment is reversed and a new trial ordered.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1921.

All the Justices concurred, except Lawlor, J., and Olney, J., who voted for granting of petition.