[Crim. No. 1435. Third Appellate District.—June 22, 1935.]

THE PEOPLE, Respondent, v. JULIAN McNEIL ADAMS, Appellant.

Robert A. Zarick and Thomas O'Hara for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was convicted on three counts under section 288 of the Penal Code, of lascivious conduct toward three minor girls. From this judgment and the order denying motion for new trial he has appealed. It is contended the evidence fails to support the several verdicts which were returned as to each count, and that the court erred in refusing to give an instruction which was based on the provisions of section 288a of the Penal Code.

The evidence adequately supports the judgment of conviction of the first and second counts of the information. There is satisfactory evidence of the defendant's lascivious conduct toward each of the girls involved in these first two

counts. These girls were respectively nine and ten years of age, and possessed ordinary intelligence. Their testimony does not appear to have been unreasonable nor to have been prompted by anyone. Under three counts the defendant was found guilty of similar lewd acts toward the three little girls on different occasions within the period of a few days, perpetrated by the defendant in the course of the playing of games of hide-and-seek. The stories of these girls are similar and are without substantial conflict. There can be little doubt of the intention with which these acts were performed for the reason that each of the girls testified to at least two different occasions when the defendant exercised improper conduct toward each of them. The testimony of one infant child of alleged licentious acts, perpetrated on one occasion, and given under circumstances indicating that she had been prompted by her parents or teacher or others, might be subject to doubt, particularly if the story is inherently improbable. But when three children testify to similar acts on different occasions, and there is no indication that their stories have been prompted by others, the evidence of intentional lewd conduct is very convincing. Moreover, there are some corroborating circumstances in the present case. The defendant was fifty-four years of age. His wife and children lived in Nevada. For about six months prior to the alleged offenses he was living in the household of Mr. and Mrs. Hittenberger in Sacramento. The improper conduct occurred in the Hittenberger home while the owners thereof were absent. Nor were the Hittenberger children present on any of these occasions. The three children who were involved in these affairs were induced to play hide-and-seek with the defendant in and about the Hittenberger home when the owners were absent. The income of Mr. Adams was very slight. He had no means with which to bring his family from Nevada, yet he admitted unusual interest in these three girls by taking them to the state fair and spending some $14 for their entertainment. He was seen by the teacher of one of the girls in their company at the fair. This led to an investigation and to his subsequent arrest. The effort of the defendant to establish a former good reputation was a failure. While both Mr. and Mrs. Hittenberger testified that he had always treated their children with due consideration, neither of them had

known him more than a few months, and had talked with no one regarding his reputation. We are therefore of the opinion the judgment is adequately supported with respect to the first and second counts.

█ The evidence fails to support the judgment with respect to the third count for the reason that there is no competent evidence that the child who is involved in that count was under the age of fourteen years when that alleged offense was committed. In determining her qualifications to testify as a witness, she did state that she was but nine years of age. The prosecution failed to prove her age by the introduction of any evidence on that subject after she was sworn as a witness. It has been definitely held that the statement of a child as to her age, elicited on examination regarding her qualifications to be sworn as a witness, furnishes, on the merits of the cause, no competent evidence of her age, as is required by section 288 of the Penal Code. (*People* v. *Levoy,* 49 Cal. App. 770 [194 Pac. 524].)

█ There is no merit in the defendant's contention that the prosecution failed to establish the *locus delicti.* He admitted that he played hide-and-seek with the girls at the home of Herman G. Hittenberger. The evidence conclusively shows that the Hittenberger home was then in Sacramento. One witness testified directly that the licentious acts with which the defendant was charged occurred in Sacramento. The location of the scene of the crime was therefore definitely established.

█ It was not error for the court to refuse to give to the jury an instruction based on the provisions of section 288a of the Penal Code for the reasons that the offered instruction was erroneous, and because the jury was clearly instructed with regard to the specific lewd acts constituting the offense prohibited by section 288 of that code, and the evidence is ample to support his conviction of the offenses with which he was charged in the first and second counts. The information containing specific statements of the very acts with which the defendant was charged was read to the jury. A definition of the offenses with which he was charged, in the very language of section 288 of the Penal Code, was read to the jury. They were told that it was necessary for the prosecution to establish every essential element of the crime beyond a reason-

able doubt, and to prove that "the said defendant is guilty *of the crime charged against him in the information"*. The defendant may not complain that the evidence may also have shown that he was guilty of another offense which is defined in section 288a of the Penal Code. He was not injured by the refusal to give that instruction. Moreover, the proposed instruction charged that if the evidence proved that the defendant performed the act prohibited by the last-mentioned section, "that act in. itself is only admissible to show the moral character of the defendant, and the probability that he might have committed the act charged". The preceding language is an incorrect statement of the law under the circumstances of this case. The offense defined in section 288a of the Penal Code certainly constitutes lewd and lascivious conduct which is also prohibited by the preceding section. The fact that proof of lewd and lascivious conduct may also show that the accused is guilty of another distinct crime does not limit that proof to the mere establishing of moral character or the probability that the offense with which the defendant is accused was committed by him. Such evidence is entitled to be considered as a part of the *res gestae* for all purposes, even though it may incidentally show that the accused is also guilty of another offense. (8 Cal. Jur. 60, sec. 168; *People* v. *Morani,* 196 Cal. 154 [236 Pac. 135]; *People* v. *Craig,* 152 Cal. 42, 46 [91 Pac. 997].) The offered instruction was erroneous and it was properly refused.

That portion of the judgment as to the third count of the information is reversed and that portion of the judgment as to the first and second counts is affirmed and the order denying motion for new trial is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1935.