[Crim. No. 9075. First Dist., Div. Four. July 8, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
BENSON BRAND NUGENT, Defendant and Appellant.

914

**COUNSEL**

Martin F. Majestic, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert R. Granucci and Ira J. Ross, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**—Benson Brand Nugent appeals from a judgment entered after a jury found him guilty of seven counts of violations of Penal Code section 288 (lewd and lascivious conduct with a child); appellant was declared an habitual criminal under the provisions of Penal Code section 644, based on three prior felony convictions.

During July and August 1969 appellant was employed as a construction worker at a residence in Pacifica, California. The residence had previously been gutted by fire and was in the process of being restored. Following the fire children in the neighborhood regularly played in the premises. The testimony covering the seven counts of violation of Penal Code section 288 is fairly summarized by saying that appellant admits that he played with the children and, in the process, appellant admits that he hugged them and had contact with their legs, arms and skin, but denies ever having fondled or molested any of the girls. The alleged victims testified that appellant on different occasions had done such things as rubbing their hips, putting his arm around them in such a way as to squeeze their breasts, taking down their outer pants or putting his hands inside their panties. The alleged incidents came to the attention of the police through the complaint of one of the alleged victims' mothers.

■ Before trial, the judge held a hearing at which he determined that the three alleged prior convictions were constitutionally valid. Appellant contends and respondent concedes that a prior conviction may not constitutionally be used in later proceedings if there was a denial of effective

counsel. The issue in the instant case thus does not center on the constitutional issues but rather on the evidentiary burdens involved at the trial court's hearing concerning the prior convictions. The procedure for determining the constitutional validity of the prior convictions is set forth in *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15]. In the instant case the trial court specifically followed the *Coffey* procedure. The prosecutor produced records that made a prima facie showing; appellant thus had the burden of producing evidence that his constitutional right to counsel had been infringed in the prior proceedings. Appellant contends that, because his testimony as to ineffective representation was not contradicted, a finding in his favor was compelled. The defense rested its proof solely upon appellant's testimony that in all three prior proceedings he had received only perfunctory representation. The prosecution chose not to present any further evidence. At that time the trial judge found that there was no constitutional impairment with regard to the alleged three prior convictions.

Evidence Code section 550, concerning the burden of producing evidence, and the accompanying comment by the Law Revision Commission, referring to 9 Wigmore, Evidence (3d ed. 1940) section 2487, page 282, supports the trial court's ruling. Concerning the burden of production, Wigmore states: " 'The opposing party, however, *is not required* as a matter of law to offer evidence in reply. He only takes the risk of an adverse verdict if he fails to do so. [Citation.] The case is carried to the [trier of fact] on a "prima facie" showing, and it is for them to say whether or not the crucial and necessary facts have been established.' " Thus, contrary to appellant's contention, respondent is not *required* to present any additional proof. If respondent decides, as respondent did in the instant case, not to present further proof respondent risks an adverse decision should the trial judge give credence to the evidence presented by appellant. However, if the judge disbelieved appellant's testimony, respondent's prima facie showing was sufficient to sustain the finding that the priors were constitutionally valid. Resolution of conflicting evidence is a factual issue to be resolved by the trial court in a hearing to determine the constitutional validity of prior convictions. (*People* v. *Espinoza* (1966) 241 Cal.App.2d 718, 720 [50 Cal.Rptr. 879].) The record below is sufficient to support the trial court's finding that there was no constitutional impairment with regard to the alleged three prior convictions.

█ Since the determination that there was no constitutional impairment to the three prior convictions was proper, the only issue remaining concerning the denial of due process is appellant's contention that the jury instruction given in the instant case was insufficient to protect appellant from prejudice, due to the introduction of evidence of his prior convictions.

■ Where prior convictions have withstood a constitutional challenge there is no federal constitutional error in their introduction at trial. (*Spencer* v. *Texas* (1967) 385 U.S. 554, 564 [17 L.Ed.2d 606, 614, 87 S.Ct. 648].) In *Spencer* v. *Texas* the court allowed the introduction of prior convictions to show habitual criminality, relying heavily on the limiting instruction that directed the jury not to use the prior convictions in determining defendant's guilt. ■ Appellant contends that the instruction in the instant case, that prior convictions "may be considered by you only for the purpose of determining the credibility of that witness," is inadequate. This overlooks another instruction that was given, concerning use of the prior convictions to determine whether appellant was an habitual criminal. In that instruction the court said: "You must first decide the question of whether defendant is guilty of any or all of the offenses charged and your consideration of that question must not be influenced by the allegation of the alleged prior convictions." That instruction is identical, for all practical purposes, with the one given in *Spencer* v. *Texas, supra.*

It was not error, either, that appellant's prior convictions were introduced prior to appellant's taking the stand to testify. Introduction of such prior convictions was a necessary part of respondent's case in proving that appellant was an habitual criminal within the provisions of Penal Code section 644. The fact that appellant later took the stand and consequently respondent requested an instruction that the priors might be used by the jury to impeach appellant's testimony is not error, and the instruction given concerning impeachment adequately advised the jury that they could use the prior convictions only for the purpose of determining the credibility of the witness. The instructions given adequately protected appellant from prejudice, and introduction of the priors was not a violation of due process under the Fourteenth Amendment.

Appellant argues that the only direct statement of the alleged victims' ages was given during *voir dire,* and that *voir dire* evidence is not competent to establish the necessary element of Penal Code section 288, that the victim be under 14 years of age. Appellant also argues that the alleged victims' ages may not be inferred from circumstantial evidence, that is, the victims' appearance, unless the jury is properly instructed in this regard (which they were not in this case).

■ In the instant case each of the victims was sworn *prior* to the *voir dire* being conducted to qualify them as witnesses. Their *voir dire* was thus under oath, in the hearing of the jury. Appellant asked for no instruction, and none was given, for the jury to disregard the *voir dire* testimony. Appellant properly cites *People* v. *Adams* (1935) 7 Cal.App.2d 743, 746 [47 P.2d 320], and *People* v. *Levoy* (1920) 49 Cal.App. 770

[194 P. 524], for the proposition that *voir dire* testimony as to the victims' ages is not competent evidence to establish the necessary element of Penal Code section 288. The holdings in those cases, however, are distinguishable from the instant case. In those cases the witnesses were not sworn until *after* the *voir dire* was completed; thus there was no competent evidence as the testimony was not given under oath. By contrast, in the instant case the oath was administered *prior* to commencement of the *voir dire* and, without objection, the sworn answers to the *voir dire* questions were heard by the jury. Where no limiting instruction was sought such evidence could be considered by the jurors as fulfilling the elements of Penal Code section 288.

Since the evidence as to the victims' ages is sufficient in this case, we need not consider whether the circumstantial evidence of age, without an appropriate jury instruction, would have been sufficient.

■ Appellant claims that the prosecutor's question, directed to appellant, as to which of the alleged victims was lying, called for a conclusion on the part of the witness. However, the only objection at trial was that the question called for a narrative answer, and depended on appellant's ability to recall the victims' testimony. Appellant did not object at trial on the ground asserted on appeal. Thus the point would normally be lost due to his failure to make a proper objection. (Evid. Code, § 353, subd. (a); see also Witkin, Cal. Evidence (2d ed. 1966) § 1285, p. 1188, § 1288, p. 1191, and § 1292, p. 1195.)

Appellant, however, contends that the error is so fundamental that it cannot be waived by failure to object. However, the testimony here is not of such a fundamental nature. The evidence objected to relates to the events that occurred, not to appellant's intent and, by appellant's own admission, the events that occurred are not in controversy. Accordingly the claimed error does not relate to a fundamental interest and is waived by failure to make a proper objection at trial.

■ Appellant contends, and respondent agrees, that to support a determination of habitual criminality under Penal Code section 644 respondent must prove not only the prior convictions but also that appellant served a separate term for each prior. Appellant admits his prior felony convictions. The question thus is whether the records presented into evidence by respondent establish that appellant served *separate* terms for each conviction.

The records show that appellant was received by the prison system on separate occasions following his convictions in 1951 and 1959 and imply that he was committed to an institution following his 1965 conviction. The

wide disparity in dates indicates that the terms were served separately. Appellant, however, claims respondent has not proved beyond a reasonable doubt that he served separate terms. That was a question of fact for the jury and they found that appellant had served separate terms. Abstracts of judgments are sufficient for the jury to infer that defendant served his term in prison. (*People* v. *Spearman* (1969) 1 Cal.App.3d 898, 905 [82 Cal.Rptr. 277].) In this case, in addition to the abstracts of judgments, the prison fingerprint cards were admitted into evidence for the 1951 and 1959 convictions. Accordingly, there is no basis to sustain appellant's contention that respondent failed to prove appellant had served a separate term for each prior conviction.

■ Finally, appellant contends that the testimony of Rhonda D. was inherently improbable and unbelievable as a matter of law because the alleged victim did not remember anything at the preliminary hearing, subsequently talked to another alleged victim, and then at the trial closely corroborated the story of the other alleged victim with whom she had spoken.

While no cases have been found that consider the testimony of a child at trial, after the child did not remember *anything* at the preliminary hearing, it has been held that discrepancies between a child's testimony at the preliminary hearing and at the trial is for the trier of fact to resolve, and does not make the testimony at trial unbelievable as a matter of law. (See, e.g., *People* v. *Schultz* (1942) 49 Cal.App.2d 38, 42 [120 P.2d 893].) In the instant case, all the facts set forth by appellant on appeal were before the jury at trial; the resolution of the conflict in testimony was for them as triers of fact. The child's testimony is not inherently improbable as a matter of law.

Moreover, in the instant case, the facts testified to by Rhonda D. were also witnessed and testified to by Janice G. Further, appellant testified that Janice did not lie, and that Rhonda "might have told the whole truth." There was substantial evidence before the jury to support the verdict on the D. count (*People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]).

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1971.