JIMMIE CLARK GAY, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7198

March 29, 1973                                    508 P.2d 1

*Morgan D. Harris,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Lawrence R. Leavitt,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination appellant was ordered to stand trial for "lewdness with a minor," a felony under NRS 201.230. He then sought habeas relief in the district court and now appeals from the district court order denying habeas. His sole contention is that he cannot be held for trial because the state failed to establish that the victim of the alleged offense was under 14 years of age. The contention is well taken.

In cases where the age of a victim is an issue, competent proof of age is essential. The only material elements of the crime charged are the acts of lewdness and the victim's age. The record before us is barren of any document or sworn testimony that affixes the age of the alleged victim.

The only thing in this record that would indicate the age of the alleged victim appears in a voir dire colloquy between the magistrate and the girl. In response to one of the questions from the magistrate she stated that she was 11 years of age. The statement occurred after she was called as a witness and prior to the time the oath was administered to her. That statement is not competent to establish proof of age, a necessary element of NRS 201.230.[1] People v. Adams, 47 P.2d 320 (Cal.App. 1935); People v. Levoy, 194 P. 524 (Cal.App. 1920). Cf. Bennett v. Leypoldt, 77 Nev. 429, 366 P.2d 343 (1961); State v. Salgado, 38 Nev. 64, 150 P. 764 (1914).

Since the age of the victim was not shown, as required by NRS 201.230, the order of the district court cannot stand.

---

[1] NRS 201.230, subsection 1:

"Any person who shall willfully and lewdly commit any lewd or lascivious act, other than acts constituting the crime of rape and the infamous crime against nature, *upon* or with the body, or any part or member thereof, of *a child under the age of 14 years*, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years." [Emphasis added.]

However, because this record reflects that the prosecuting attorney attempted to call the victim's mother for the announced purpose of showing the age of the victim and that the magistrate would not permit the mother to testify because he [the magistrate] was satisfied that "age" had been established, the state shall be allowed 15 days from the issuance of the remittitur in this case to take further proceedings against appellant with respect to the charges against him; otherwise he shall be discharged. Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971).

Reversed and remanded for further proceedings in accordance with this opinion.