GARY PETITTI, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8019

January 16, 1975                    530 P.2d 758

*Charles L. Garner* and *George D. Frame,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Gary Petitti was ordered to stand trial for sale of a controlled substance (diacetylmorphine, commonly known as heroin) to a person under 21 years of age, a felony under NRS 453.321 and NRS 453.161.

In a pretrial habeas challenge he contended there was insufficient evidence adduced at the preliminary examination to establish probable cause that he committed the charged offense, as required by NRS 171.206. The district court denied habeas and Petitti argues the order of the district court should be reversed. We agree.

Although the information charged that Petitti made a *sale to a person under 21 years of age,* the record of the preliminary examination is barren of any document or testimony that even alludes to the age of the person to whom the sale was purportedly made.[1]

In cases where age is an issue, competent proof thereof is essential.[2] Cf. Gay v. Sheriff, 89 Nev. 118, 508 P.2d 1 (1973).

Accordingly, the district court should have granted the habeas petition. The district court's order denying habeas corpus therefore is reversed, and the court is instructed to grant such writ without prejudice to institution of such charges as the state may determine it can produce evidence to prove.

---

[1]The incumbent Clark County District Attorney did not occupy that office when these proceedings occurred.

[2]The penalty appellant faces, if convicted of a sale to a person under the age of 21, is life imprisonment with possibility of parole. NRS 453.321(2)(a)(2). If convicted of a sale to a person over the age of 21, the penalty range is from 1 to 20 years imprisonment. NRS 453.321(2)(a)(1).