[No. A034114. First Dist., Div. Three. June 15, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL YOUNG, Defendant and Appellant.

**COUNSEL**

Frieda Jo Owings, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Ann K. Jensen and Cynthia Choy Ong, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BARRY-DEAL, J.—**On appeal from a sentence of ten years and eight months imprisonment, appellant Michael Young contends that the trial court erred in using a 1974 prison term to enhance his sentence, because he had been free of custody for over five years. He also argues that imposition of an enhancement in this case thwarted the legislative intent underlying Penal Code section 667.5, subdivision (b),[1] and that enhancements could not properly be imposed in this case because he was not fully advised of the effect of failing to contest the validity of his prior felony convictions. We disagree with appellant's arguments and affirm the judgment and sentence.

### Procedural History

On September 5, 1985, appellant was charged by information with three counts of first degree burglary (§ 459) and with two enhancing allegations that he had been convicted of felonies on two separate previous occasions, had served two separate prison terms, and had not remained free of prison custody or free of felony conviction for five years, within the meaning of section 667.5, subdivision (b).

---

[1] All further statutory references are to the Penal Code.

The trial court granted appellant's motion for a bifurcated trial on the issue of whether he had served the prior prison terms. On November 14, 1985, a jury convicted appellant of the three burglary counts. Then, out of the presence of the jury, defense counsel voir-dired appellant about whether he wanted to waive his right to a jury trial on the issue of validity of the priors.

Appellant stated that he knew he had a right to a trial by jury on the issue; he understood that at a jury trial he could produce evidence and testify, and that adverse witnesses would be subject to cross-examination. Appellant's counsel explained that in a jury trial the jurors would decide the facts of the case and the court would rule on the law. Appellant waived his right to a jury trial.

Thereafter, the People introduced a certified copy of an abstract of judgment indicating that appellant had been convicted of a felony on November 18, 1974. Appellant served a prison sentence for that conviction from November 20, 1974, until his release on June 14, 1978. The People also introduced a certified copy of an abstract of judgment indicating that appellant had been convicted of a second felony on March 13, 1979, and had served a second prison term for that conviction until his release on September 12, 1982.

Upon this evidence, the court found that appellant had served both prior prison terms within the meaning of section 667.5.

On January 31, 1986, the court sentenced appellant to the upper base term of six years for count I; to one-third of the midterm, equaling sixteen months, to be served consecutively, for count II; and to one-third of the midterm, equaling sixteen months, to be served consecutively, for count III. Based on appellant's prior separate prison terms, the court imposed an additional consecutive 24-month sentence, for a total sentence of 10 years and 8 months.

*Discussion*

Section 667.5, subdivision (b), provides in pertinent part: "[W]here [a] new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

■ Appellant argues that this provision does not require that he be free from prison custody and the commission of an offense resulting in a felony conviction for a continuous five-year period. Rather, he suggests, the time which has elapsed between the prison terms he served for prior felony convictions should be aggregated to determine whether the total exceeds the five-year limitation contained in the enhancement provision. We decline to adopt appellant's interpretation of the statutory provision.

■ In construing statutory language, we must determine the intent of the Legislature in order to further the intended purpose of the law. (*People v. Aston* (1985) 39 Cal.3d 481, 489 [216 Cal.Rptr. 771, 703 P.2d 111]; *In re Panos* (1981) 125 Cal.App.3d 1038, 1042 [178 Cal.Rptr. 483]; 2A Sutherland, Statutory Construction (4th ed. 1984) § 45.05, pp. 20-21.) A statute must be interpreted so that it reasonably and harmoniously comports with its manifest legislative purpose. (*County of San Diego v. Muniz* (1978) 22 Cal.3d 29, 36 [148 Cal.Rptr. 584, 583 P.2d 109]; 2A Sutherland, *supra,* § 45.12, p. 54.) ■ The evident purpose of section 667.5 is to impose additional punishment on previously imprisoned recidivist offenders. (*In re Panos, supra,* at p. 1041.)

■ Appellant's proposed statutory interpretation would undermine the intent of the Legislature, as it would enable recidivist offenders to avoid this additional punishment. We hold that the statute requires a convicted felon to remain free from prison custody and the commission of an offense resulting in a felony conviction for a single, continuous five-year period in order to avoid the enhancement provided in section 667.5, subdivision (b).

■ We are also required to interpret a statute in accord with the usual, ordinary meaning of its language unless doing so would undermine its manifest legislative purpose or lead to absurd results. (*People v. Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473]; 2A Sutherland, Statutory Construction, *supra,* § 46.01, p. 73.)

■, ■ The statute specifically refers to "*a period* of five years . . . ." (Italics added.) The dictionary defines "period" as, inter alia, "a division of time in which something is completed . . . ."[2] The commonsense meaning of the statutory language, stated in the singular form, suggests one continuous block of time rather than a series of time periods totaling five years. More-

---

[2] The dictionary defines "period," in pertinent part, as follows: ". . . 7a: a portion of time determined by some recurring phenomenon: a division of time in which something is completed and ready to commence and go on in the same order . . . b: the interval of time required for a cyclic motion or phenomenon to complete a cycle and begin to repeat itself . . . 8a: a chronological division (as of a life, a development) . . . ." (Webster's New Internat. Dict. (3d ed. 1970) p. 1680.)

over, the statutory language lends no support to appellant's contention that the statute's five-year time period refers not to a definite block of time, but to a span of time comprised of segments. Thus, interpreting the statute in accord with its plain and ordinary meaning furthers its legislative purpose and avoids absurd results.

■ ■■■■ We therefore conclude that appellant's proposed statutory interpretation is inconsistent with both the legislative intent of section 667.5 and the plain and ordinary language employed therein, and we decline to adopt it.[3]

Appellant asks that we reconsider *People* v. *Jackson* (1983) 143 Cal.App.3d 627 [192 Cal.Rptr. 7], in which Division Two of this court held the enhancement provisions of section 667.5 apply unless a defendant remains free from *both* prison custody *and* the commission of offenses resulting in felony conviction for a five-year period following release or parole. (*Id.,* at p. 630.) He argues that the *Jackson* rule penalizes defendants who are paroled or released from prison because they are subject to the enhancement provisions of section 667.5, while prisoners who remain in custody are not. He argues that this unfairly favors those in prison and thwarts the Legislature's intent to impose harsher sentences on recidivist offenders.

Appellant's argument is specious. Prisoners who commit crimes while in custody do not receive preferential treatment at sentencing. On the contrary, a separate sentencing scheme enacted by the Legislature imposes harsher penalties on those who commit offenses while in custody. (See § 4500 et seq.)[4] There is nothing to suggest that the *Jackson* case was unsoundly decided, and we decline to reconsider its holding.

■ Appellant contends that the record does not clearly indicate whether he admitted his two prior felony convictions. Assuming that he tacitly admitted them, he argues that the court improperly imposed sentencing enhancements because he was not fully advised of the consequences of the admission. We disagree.

---

[3] This rationale also disposes of appellant's argument that when a statute is susceptible of more than one reasonable interpretation, the court must adopt the interpretation that favors the defendant. An interpretation that is contrary to legislative intent and the plain and ordinary meaning of the statute is unreasonable. (See *People* v. *Davis* (1985) 166 Cal.App.3d 760, 766 [212 Cal.Rptr. 673].)

[4] For example, section 245, subdivision (a)(l) (assault with a deadly weapon or by force likely to produce great bodily harm) provides for a penalty of imprisonment in state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding $10,000, or by both fine and imprisonment. In contrast, section 4501 (aggravated assault by prisoner serving sentence of less than life) provides for the harsher penalty of imprisonment for two, four, or six years, to be served consecutively.

Appellant did not admit the two prior prison terms. He waived his right to a jury trial, and a court trial was held to determine their validity. The People had the burden of proving, beyond a reasonable doubt, that appellant suffered the two priors (*People* v. *Williamson* (1979) 90 Cal.App.3d 164, 169 [153 Cal.Rptr. 48]), and they met this burden. The prosecution introduced certified copies of the abstracts of judgment, which constituted prima facie evidence of their validity. (*People* v. *Nugent* (1971) 18 Cal.App. 3d 911, 918 [96 Cal.Rptr. 209].) The burden of producing evidence to negate the People's proof then shifted to the appellant (*id.,* at p. 915), who had the opportunity to present such evidence, which he failed to do. He cannot now raise an evidentiary objection for the first time on appeal. The record clearly demonstrates that the trial court had sufficient uncontested evidence to invoke section 667.5; no error appears in the sentencing.

The judgment and sentence are affirmed.

Scott, Acting P. J., and Merrill, J., concurred.