[No. B030974. Second Dist., Div. Six. Aug. 1, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY JONES, Defendant and Appellant.

**COUNSEL**

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, William T. Harter and Keith H. Borjon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ABBE, J.—Presented in this appeal is an issue of whether substantial evidence supports the jury finding relating to the charged prior enhancements under the provisions of Penal Code section 667.5, subdivision (b).[1] We find neither such a jury finding nor substantial evidence to support the enhancements.

Appellant was convicted by jury of a battery on a nonprisoner by a prisoner (§ 4501.5) and in a bifurcated proceeding was found to have suffered two prior felony convictions. (§ 667.5, subd. (b).) He was sentenced to a consecutive middle term of three years on the battery. Using the one mitigating factor, the court struck punishment on the prior enhancements of one year each. (See Cal. Rules of Court, rules 423 and 425.)

■ Appellant is correct that the only proof offered by the People, consisting of the abstracts of judgment in each prior, showing the fact of a felony conviction and a sentence to the state prison, is insufficient to prove appellant served a prior completed prison term and had not been free of prison custody for five or more years since released.

Section 667.5 provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

". . . . . . . . . . . . . . . . . . . . .

"(b) . . . where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony . . . .

". . . . . . . . . . . . . . . . . . . . .

"(g) A prior separate prison term . . . shall mean a continuous completed period of prison incarceration . . . ."

---

[1] All further statutory references are to this code unless otherwise specified.

Here the jury's findings on each of the enhancements simply state in pertinent part: "We, the jury, further find the allegation that the defendant . . . was convicted on or about [date] . . . for . . . a felony to be true." The jury was given no instructions relating to these bifurcated deliberations.

The jury never found that appellant had served a prior prison term for either offense, one of the statutory predicates for the enhancement. Therefore, under the provision of subdivision (d) the enhancement sentences must be reversed since they were charged but not found true.[2]

 Assuming retrial on the enhancement allegations on reversal would ordinarily be permitted (see § 1262) here dismissal of them appears to be required. No substantial evidence was introduced to support a finding appellant served any prior completed term of imprisonment for a felony conviction under section 667.5, subdivision (b).

 Section 667.5 requires proof appellant (1) was previously convicted of a felony, (2) was imprisoned therefor, (3) completed the term of imprisonment, and (4) did not remain free for five years of both prison custody and the commission of a new offense which resulted in a felony conviction. Here the abstracts of judgment at best prove only factors one and two. Four is supported by a combination of the abstracts and the finding of guilty of the commission of the instance offense.[3]

The abstracts are prima facie evidence appellant suffered two prior felony convictions, one in 1980 and one in 1984.[4] The new offense involved in this case was committed in 1987. The dates of these offenses constitute sufficient prima facie evidence of the fourth factor, i.e., no five-year freedom from custody and offense.

Factor two, imprisonment, could have been supported evidentially by the portion of the abstract of judgment-commitment form which remanded the appellant to the custody of the sheriff to be delivered forthwith to the custody of the directors of corrections at the named facility. Section 1216 imposes upon the sheriff a duty to transport the person sentenced to the

---

[2] Section 667.5, subdivision (d) provides: "For the purpose of this section the defendant shall be deemed to remain in custody for an offense until the official discharge from custody or until release on parole whichever first occurs including any time during which the defendant remains subject to reimprisonment for escape from custody or is reimprisoned on revocation of parole. The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense."

[3] The absence of evidence and jury instructions makes it difficult to conceive how the jury found the prior convictions were felonies rather than misdemeanors. One of the priors was a "wobbler."

[4] See footnote 3.

state prison. Proof of this duty, not here supplied, plus the presumption an official duty has been regularly performed set forth at Evidence Code section 664 (see also Evid. Code, §§ 660 and 667), had the jury been so instructed, together with the abstract information would have constituted substantial evidence of no more than that appellant was transported to commence a term of imprisonment.

No evidence was adduced, however, that appellant actually served and completed the terms imposed as required by section 667.5, subdivision (g). (See *People* v. *Green* (1982) 134 Cal.App.3d 587, 591-594 [184 Cal.Rptr. 652].)[5] No prison or other records indicating he had completed either term of imprisonment were introduced.[6] Consequently we must hold the evidence presented was insufficient to prove either enhancement allegation so retrial thereon is prohibited. (See *Burks* v. *United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141]; *Greene* v. *Massey* (1978) 437 U.S. 19 [57 L.Ed.2d 15, 98 S.Ct. 2151].)

The case relied on by respondent as purportedly holding a judicial council form abstract of judgment provides substantial evidentiary support for a prior completed prison term enhancement in fact does not so hold.

*People* v. *Young* (1987) 192 Cal.App.3d 812 [237 Cal.Rptr. 703] seems to decide the issue at page 818 where it states: "The prosecution introduced certified copies of the abstracts of judgment, which constituted prima facie evidence of their validity. [Citation.] The burden of producing evidence to negate the People's proof then shifted to the appellant . . . ." However, the issue set forth at the beginning of the opinion to which this statement seemingly is addressed is whether the defendant was fully advised of the effect of failing to contest the validity of his prior convictions which he admitted.

The language of both the ruling and the issue only are understandable and correct if based on evidentiary challenges to the constitutionality of the prior convictions. No court would impose the burden of proof on a criminal defendant on an element of the offense or enhancement which the People must prove beyond a reasonable doubt.

---

[5] In *Green* the court found insufficient evidence of a section 667.5, subdivision (b) enhancement where no addition to the abstracts of judgment proof was adduced that the appellant was delivered to the Department of Corrections and received mail at the prison.

[6] Ironically, transmitted to this court in error were the exhibits from both the municipal court preliminary hearing proceedings, as well as from the superior court trial. The former includes the section 969 prison packet which, if properly introduced, could have supplied a substantial evidentiary basis for a jury determination appellant had completed two prior prison terms.

■ In addition the *Young* court, *supra*, 192 Cal.App.3d at page 818 refers to that appellant's challenge as an "evidentiary objection" which cannot be raised for the first time on appeal. Obviously an appellate challenge to the sufficiency of the evidence to sustain a criminal conviction or enhancement is not an evidentiary objection within the meaning of that rule. (See Evid. Code, § 353.)

Lastly, the *Young* court's observations regarding proof of prior convictions were based on *People* v. *Nugent* (1971) 18 Cal.App.3d 911 [96 Cal.Rptr. 209]. In *Nugent* the court addressed issues relating to procedures to be used in making determinations of the constitutionality of prior convictions upon a defense motion to strike the allegations (see *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15] and *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904]) as well as issues relating to the sufficiency of evidence to prove a prior conviction resulted in a separate prison term under a repealed recidivist statute, former section 644.

The *Young* court apparently relied on statements in *Nugent* relating to proof of the fact of prior convictions rather than holdings relating to sufficiency of evidence to prove a separate prison term. ■ An abstract of judgment showing a felony conviction and sentence is substantial evidence of the fact of a prior conviction. It is not, however, sufficient to prove the felon actually completed a term of imprisonment under section 667.5. To the extent that *Young* holds it is, we disagree and instead agree with the holding and reasons therefor in *People* v. *Green, supra,* 134 Cal.App.3d 587.

The findings of the jury related to the allegations of the prior prison terms are reversed and dismissed. Since the trial court struck the enhancements based upon the one mitigating factor found to exist, the matter is remanded to the trial court to determine whether to use the mitigating factor to reduce the term imposed. In all other respects the judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.