[No. D008293. Fourth Dist., Div. One. Feb. 1, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP ROBERT CASTILLO, Defendant and Appellant.

[Opinion certified for partial publication.†]

† Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of part II.

COUNSEL

Ronald K. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Louis R. Hanoian and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—Phillip Robert Castillo appeals his 13-year sentence after a jury convicted him of first degree burglary (Pen. Code,[2] § 459) and possessing a burglary tool (§ 466).

FACTUAL AND PROCEDURAL BACKGROUND

At about 9 a.m. on January 21, 1988, Dan Lulue heard his dog barking and went into the backyard to investigate. He looked over his fence into the

---

[2] All statutory references are to the Penal Code.

alley and saw a person sitting on the curb. Thinking this was not unusual, Lulue went back into his house. About 10 minutes later, the dog began barking again. Lulue looked out his porch window and saw a woman climb over a fence and enter his neighbor Henry Medrano's backyard. The man who had been sitting on the curb, later identified as Castillo, was at Medrano's screened-in patio door when the woman climbed over the fence. Lulue then saw Castillo stand with the woman at the screen door for about 15 to 30 seconds. Castillo appeared to be working on the door although he did not seem to have a key. Castillo opened the door and he and the woman entered the enclosed patio. Suspecting a burglary was occurring, Lulue telephoned the police.

Officers Dan Albright and Christopher Buxton responded to the radio dispatch concerning the burglary in progress at the Medrano residence. After talking to Lulue, the officers determined the suspects were still in the house. Officer Buxton remained in front of the house while Officer Albright went to the rear. From his position, Officer Albright had a clear view of the back of the house including the enclosed patio. He saw Castillo walk out the patio screen door into the backyard, turn around and go back inside. Officer Albright radioed the description of the suspect to Officer Buxton. A short time later, Castillo came out again and began walking toward the front of the house. Officer Buxton apprehended and arrested Castillo as he climbed into the bed of a pickup truck parked near the Medrano house. When the officers searched Castillo, they found a screwdriver and some jewelry later identified as jewelry taken from the Medrano residence.[3]

When Medrano and his wife returned home later that morning, they found the police there and discovered their home had been ransacked. A microwave oven, two television sets, a clock radio, and stereo had been moved to the dining room and had been put in the Medranos' suitcases or in plastic bags. A pillow case stuffed with the Medranos' personal belongings was also found in the dining room. The property was stacked in a pile and appeared ready to be taken out. Missing jewelry was later discovered packed in one of the bedrooms.

Entry had been made through the patio screen door which had been torn, permitting access to the interior latch. The deadbolt lock on the kitchen back door had been removed and there were pry marks, consistent with those made with a screwdriver, on the deadbolt lock of the front door.

Castillo was charged with first degree burglary (§ 459), falsely identifying himself to a police officer (§ 148.9, subd. (a)), and possessing a burglary tool

---

[3] Castillo's companion, Rose Marie Posas, was found hiding in a closet inside the Medrano house.

(§ 466). The information also alleged Castillo had served three prior prison terms within the meaning of section 667.5, subdivision (b) and had one prior serious felony conviction within the meaning of sections 667, subdivision (a) and 1192.7, subdivision (c)(18). Castillo pleaded not guilty and denied the allegations.

Castillo successfully moved to bifurcate trial on the prior prison terms and prior serious felony conviction. On the day of trial, Castillo withdrew his not guilty plea to falsely identifying himself to a police officer and pleaded guilty to that count. The other two counts were tried to a jury.

After the jury convicted Castillo of first degree burglary and possessing a burglary tool, the court found Castillo had served each of three prior prison terms, but the second and third of those terms constituted a single commitment subject to only one one-year enhancement. It further found Castillo had a prior serious felony conviction as alleged in the information.

The court sentenced Castillo to prison for the upper term of six years for the first degree burglary conviction plus two consecutive one-year terms for the first and second prior prison terms and stayed the one-year enhancement for the third prior prison term. The court also imposed a five-year enhancement for Castillo's prior serious felony conviction. As to Castillo's convictions for false identification and possession of a burglary tool, the court imposed two concurrent 180-day terms.

Castillo appeals, contending: (1) the true finding and sentence on the third prison prior should be stricken because it was not a "prior separate prison term" under section 667.5; (2) the evidence was insufficient to support a true finding on the second and third prison priors; (3) the court should have stayed the sentence on the possession of a burglary tool conviction under section 654 because the purpose of possessing the tool was to commit the burglary and theft; and (4) the court improperly relied on unsupported aggravating factors to impose the upper term on the first degree burglary conviction. The People graciously and correctly concede two issues: the true finding and sentence on the third prison prior should be stricken and the sentence on Castillo's conviction for possessing a burglary tool should be stayed. Accordingly, we turn our attention to the remaining two issues.

DISCUSSION

I

■ Section 667.5, subdivision (b) provides in part: "[W]here [a] new offense is any felony for which a prison sentence is imposed, in addition and

consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." Castillo contends the evidence here is insufficient to support the court's finding he served a completed prison term under this subdivision for the second prior conviction[4] and thus, the enhancement on that prior must be stricken.

In *People* v. *Jones* (1988) 203 Cal.App.3d 456, 458 [249 Cal.Rptr. 840], the court held where the only proof offered by the People consists of the abstracts of judgment in a prior conviction showing the fact of a felony conviction and a sentence to state prison, such evidence is insufficient to prove the defendant served a prior completed prison term and had not been free of prison custody for five or more years since his release. The court reasoned that although the abstract of judgment-commitment form remanding the defendant to the custody of the sheriff to be delivered to the custody of the director of corrections may prove the defendant was previously convicted of a felony and was imprisoned therefor, this constitutes substantial evidence of no more than defendant was transported to begin a term of imprisonment. (*People* v. *Jones, supra*, 203 Cal.App.3d at pp. 459-460.)

We disagree with the holding in *Jones*. At trial on Castillo's priors, the People produced documentary evidence to prove the prior prison term allegation, including the abstract of judgment for the second prior showing Castillo was convicted of burglary on February 20, 1980, and sentenced to prison for two years.[5] Documents before the court also showed Castillo was again convicted of burglary on December 27, 1982, the burglary having been committed on December 8, 1982. In order for Castillo to have committed this burglary almost three years later, he was necessarily out of custody following his incarceration on the 1980 burglary conviction. From this evidence, the court could reasonably infer Castillo had served his prison term for the 1980 conviction. Nothing in the record indicates Castillo escaped from prison or was otherwise released before his sentence had been served. We conclude the evidence was sufficient to support the court's

---

[4] In light of our conclusion the third prison prior enhancement is invalid, we address only the validity of the second prison prior.

[5] As an exception to the hearsay rule, section 969b allows certified copies of records of any state or federal penitentiary, reformatory, city or county jail to be introduced as prima facie evidence of a prior conviction and service of a term for that conviction. Such a "prison packet," if properly introduced, may supply a substantial evidentiary basis for a determination the defendant has completed a prior prison term. Here, the prison packet for Castillo's second prior conviction had not been provided by prison authorities and was unavailable.

finding Castillo served a completed term of imprisonment for his second prior conviction.

## II*

. . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified by striking the true finding and sentence on Castillo's third prior prison term enhancement and by staying his concurrent sentence for the conviction of possessing a burglary tool. In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amendment to the Department of Corrections.

Work, J., and Benke, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 19, 1990.

---

*See footnote, *ante,* page 1020.