[No. A047698. First Dist., Div. Four. Nov. 28, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ELMORE, Defendant and Appellant.

954

**COUNSEL**

Deborah Tuttelman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Herbert F. Wilkinson and Matthew R. Golde for Plaintiff and Respondent.

## Opinion

**REARDON, J.**—A jury convicted appellant David Elmore of lewd conduct with a child under age 14. (Pen. Code, § 288, subd. (b).)[1] The court found that he had served two prior prison terms and sentenced him to a new ten-year term. (See § 667.5, subd. (b).) He appeals, contending that there was insufficient evidence to support the findings that he had served two prior prison terms. We affirm the judgment, including the sentence.

## I. FACTS

In light of the limited issue before us, a lengthy discussion of the underlying facts of this case is not necessary. Appellant David Elmore was convicted of forcible lewd conduct against his 11-year-old daughter. (See § 288, subd. (b).) This offense was alleged to have occurred in December 1987. The information also alleged that Elmore had suffered five prior convictions resulting in prison terms. In a bifurcated trial, the court found that Elmore suffered two of these prior convictions: a March 1983 conviction for battery on a peace officer resulting in injury and a December 1978 petty theft conviction with a prior conviction. (§§ 243, subd. (c), 484, 666.) The trial court dismissed the other prior prison term allegations. Elmore was sentenced to ten years in state prison: an upper term of eight years for the lewd conduct conviction and two 1-year enhancements for the prior prison terms.

## II. DISCUSSION

On appeal, Elmore contends that there was insufficient evidence as a matter of law to support the prior prison term enhancement findings. (See § 667.5, subd. (b).) He argues that there was no evidence presented from which it could reasonably be inferred that he served and completed two separate prison terms for the prior convictions that were the subject of the enhancements. Elmore also contends that there was no evidence adduced that he was not free from custody for five years after his 1983 conviction.

When a defendant is convicted of a felony, the court must usually impose a one-year enhancement for each prior separate prison term served for a felony. No enhancement may be imposed if, for five years after the prior prison term, the defendant remains free of prison custody and does not commit a new offense resulting in a felony conviction. (§ 667.5, subd. (b).) A prior separate prison term is defined as a continuous completed period of prison incarceration. (§ 667.5, subd. (g).) ■ Therefore, section 667.5

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

requires proof that the defendant (1) was previously convicted of a felony, (2) was imprisoned as a result of that conviction, (3) completed that term of imprisonment, and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. (*People* v. *Jones* (1988) 203 Cal.App.3d 456, 459 [249 Cal.Rptr. 840].)

Challenging the March 1983 prior conviction finding, Elmore argues that there was no evidence that he was not free from custody for five years after that conviction. However, the fourth element of the *Jones* test is also satisfied if Elmore committed a new felony offense within five years of the March 1983 conviction. (See § 667.5, subd. (b).) His lewd conduct offense—the basis of the present conviction—occurred in December 1987, less than five years after the March 1983 prior conviction. The prior abstract of judgment and the present finding of guilt provide sufficient evidence to support this element of the March 1983 enhancement finding. (See *People* v. *Jones, supra,* 203 Cal.App.3d at p. 459.)

■ In his primary contention on appeal, Elmore challenges both prior conviction findings by arguing that there was no evidence that he actually served and completed a prison term for either the March 1983 or the December 1978 conviction. At its trial on the enhancement allegations, the court relied on the county clerk's files on the two prior convictions, each containing an abstract of judgment. Apparently, this file did not contain any prison records stating that Elmore actually served and completed his two prison terms.

The court also considered Elmore's trial testimony. During the trial on the lewd conduct charge, Elmore admitted that he had been convicted of several felonies: in 1978, petty theft with a prior conviction; in 1981, burglary and assault with a deadly weapon; and in 1983, assault and battery on a police officer. He also testified that he had been in prison in June 1987 and had been paroled in November 1987—a month before the date of the lewd conduct charge.

■ Initially, Elmore contends that as the prosecutor did not *offer* his testimony at the portion of the trial on the prior convictions, it was not properly before the court. We disagree. The testimony was given during the trial of the underlying charge. Elmore cites no authority to support his claim that evidence from the trial on the underlying offense cannot be considered at the trial on the subsequent enhancement allegations. To preclude the court from considering evidence properly before it during another part of the trial would be unnecessarily rigid and would hamper, rather than further, the interests of justice.

■ Nevertheless, Elmore argues that the evidence did not establish that he served and completed the two terms of imprisonment. ■ A term of imprisonment is completed within the meaning of section 667.5 when the stated term of imprisonment has expired. It expires before release on parole. (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 72 [159 Cal.Rptr. 894].)

■ On the December 1978 conviction, the abstract of judgment stated that Elmore was committed to 16 months in state prison at that time. One may reasonably infer from the abstract of judgment that Elmore was actually incarcerated. (See *People* v. *Crockett* (1990) 222 Cal.App.3d 258, 263-266 [271 Cal.Rptr. 500] [raising reasonable inference that official duty—commitment to state prison—was performed].) Even without considering the possibility of credit against this term, Elmore would ordinarily have been released from prison by the spring of 1980. According to his own testimony, Elmore committed a burglary in 1981. In order for Elmore to have committed this offense, he was necessarily out of custody following his incarceration on the December 1978 conviction. From this evidence, the court could reasonably infer that Elmore had served his prison term for the December 1978 conviction. (See *People* v. *Castillo* (1990) 217 Cal.App.3d 1020, 1024 [266 Cal.Rptr. 271]; see also *People* v. *Crockett, supra*, at pp. 263-266.) He has not suggested that he escaped from prison or was otherwise released from prison before he completed this term. Therefore, the evidence was sufficient to support the court's finding that Elmore served a completed term of imprisonment for the December 1978 conviction. (See *People* v. *Castillo, supra*, at pp. 1024-1025.)

On the March 1983 conviction, the abstract of judgment indicated that a 16-month prison term was imposed for the underlying offense after an initial grant of probation had been revoked. Again, this raises an inference that Elmore was actually incarcerated. (See *People* v. *Crockett, supra*, 222 Cal.App.3d at pp. 263-266.) His own testimony that he was released from parole in November 1987 supports an inference that this period of incarceration had been completed before his parole period began. (See *People* v. *Castillo, supra*, 217 Cal.App.3d at p. 1024; see also *People* v. *Crockett, supra*, at pp. 263-266; *People* v. *Espinoza, supra*, 99 Cal.App.3d at p. 72.) He does not suggest any facts that might lead us to conclude that he did not serve and complete this period of incarceration. Therefore, we are satisfied that the trial court had evidence before it from which it could find that Elmore served and completed each term of imprisonment underlying the two enhancements.

In his reply brief, Elmore urges us not to apply *Castillo* or *Crockett*. He argues that these cases are wrongly decided because they allow an

evidentiary presumption to take the place of proof beyond a reasonable doubt. He encourages this court to apply the reasoning of two older cases instead. In *People v. Jones, supra*, 203 Cal.App.3d 456, an appellate court found that an abstract of judgment showing the fact of felony conviction and a sentence to state prison were insufficient to establish that the defendant had served and completed a prior prison term. (*Id.*, at pp. 458, 460; see *People v. Crockett, supra*, 222 Cal.App.3d at p. 264.) In *People v. Green* (1982) 134 Cal.App.3d 587 [184 Cal.Rptr. 652], a divided appellate court held that an abstract of judgment showing that the defendant was sentenced to prison, documents showing that he had been transported soon thereafter from jail to prison, and a receipt and envelope addressed to the defendant in prison were insufficient to prove that his sentence was completed. (*Id.*, at pp. 591-592; see *People v. Crockett, supra*, at pp. 264-265.)

The *Castillo* and *Crockett* courts disagreed with the holdings of *Jones* and *Green*. (See *People v. Crockett, supra*, 222 Cal.App.3d at p. 263; *People v. Castillo, supra*, 217 Cal.App.3d at p. 1024.) As the *Crockett* court explained, the conclusions of these two cases obscure the legislative intent behind section 667.5. If the "served and completed" requirement of that statute were applied without attention to a practical reading of section 667.5 and to the ordinary rules of evidence, *Jones* and *Green* "merely establish an unintended loophole which protects rather than punishes the career criminal." (*People v. Crockett, supra*, 222 Cal.App.3d at p. 265.) As a practical matter, a defendant properly sentenced and delivered to state prison would always complete a prison term unless something unusual occurs, such as if the defendant escapes. (*Ibid.*) By statute, there is a rebuttable presumption affecting the burden of proof that official duties are regularly performed. (*Id.*, at p. 266; see Evid. Code, §§ 660, 664.) An abstract of judgment imposing a prison sentence is an order sending a defendant to prison and imposing a duty on the warden to carry out the judgment. While the state has the burden of proving that a defendant suffered a prior conviction within the meaning of section 667.5, the usual rules of evidence are applicable to assist the prosecution in presenting a prima facie case. Thus, a court is allowed to make reasonable inferences from the facts presented. If there is no evidence to the contrary to rebut the statutory presumption, the court may consider the appropriate abstract of judgment and the facts of the particular case, and may use the official duty presumption to find that a defendant served and completed a term of imprisonment. (*People v. Crockett, supra*, at p. 266.) We find the logic of *Crockett* more persuasive than that of *Jones* and *Green*, and so decline Elmore's request to apply the latter cases.

Finally, Elmore argues that even if this evidence could be construed to prove the required elements of the two enhancements, it was not

strong enough to satisfy the prosecutor's burden of proving these elements beyond a reasonable doubt. He is correct when he asserts that the People had the burden of proving the prior conviction allegations beyond a reasonable doubt. (*People* v. *Young* (1987) 192 Cal.App.3d 812, 818 [237 Cal.Rptr. 703].) ■ However, when evaluating his challenge to the sufficiency of the evidence on appeal, we must determine whether substantial evidence supports the trier of fact's conclusion, not whether the evidence proves guilt beyond a reasonable doubt. The test on appeal is whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt. (See *People* v. *Arcega* (1982) 32 Cal.3d 504, 518 [186 Cal.Rptr. 94, 651 P.2d 338].) We must review the record in the light most favorable to the judgment. (*People* v. *Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468].)

■ There is substantial evidence to support each of the four elements of each prior conviction finding. Elmore concedes that the abstracts of judgment provide sufficient evidence of his prior felony convictions. The court files, Elmore's trial testimony, and his conviction for the December 1987 lewd conduct offense provide sufficient evidence to support the conclusion that he did not remain free of prison custody and the commission of a new felony for five years after the March 1983 and December 1978 convictions. Elmore's testimony, combined with the evidence set forth above, provide sufficient evidence from which a reasonable trier of fact could conclude that the defendant actually served and completed each term of imprisonment. Therefore, the trial court properly found that Elmore had served two prior completed prison terms within the meaning of section 667.5.

The judgment, including the sentence, is affirmed.

Anderson, P. J., and Perley, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 13, 1991.