9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin Michael TAUBMAN, Petitioner-Appellant,
v.
Eddie YLST, Warden, et al., Respondent-Appellee.
 No. 93-15327.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Oct. 14, 1993.
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Michael Taubman appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. The writ challenged the sentence enhancement imposed by the Superior Court Judge pursuant to Cal.Penal Code § 667.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In May 1987, Taubman was convicted of burglary after a bench trial before Judge Lawrence Marvin in Superior Court in Sacramento County. Judge Marvin enhanced Taubman's sentence based on Taubman's two prior convictions. The Court of Appeal, Third Appellate Division, affirmed this conviction and the California Supreme Court denied review. Taubman filed a writ of habeas corpus in the United States District Court for the Eastern District of California. On December 17, 1990, the Magistrate Judge recommended that the writ be denied. On February 27, 1991 the District Court denied the writ. Notice of Appeal was filed March 27, 1991.
 
 
 4
 The issue in this case is whether, when the Superior Court Judge suggested that the government make a motion to reopen the evidence, the judge abdicated his responsibility to remain neutral and thus violated Taubman's due process rights.
 
 
 5
 When Judge Marvin was preparing to render his judgment, he noted that the defendant admitted the existence of two prior felony convictions. Defense counsel argued that the defendant admitted these prior convictions simply because he testified under oath, but he did not admit them for enhancement purposes. According to defense counsel, independent proof of the priors was necessary and the prosecution was required to present this proof before the case was closed. It did not do so, and, as a result, the priors could not be considered for enhancement purposes.
 
 
 6
 The prosecutor stated that he was under the impression that he and the defense counsel had entered an agreement to "address the prior convictions later." Judge Marvin then told the prosecutor, "[i]f there's any question about it, and apparently there is in both parties' minds ... I probably would entertain a motion to re-open your case." May 7, 1987 Trial Transcript at 309. The prosecutor then made a motion to reopen the case which was granted. The appellant now claims that, by suggesting that the government move to reopen the evidence, the judge abdicated his responsibility to remain neutral and violated Taubman's due process rights.
 
 DISCUSSION
 
 7
 A District Court's denial of a petition for a writ of habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 8
 The government has the burden of proving prior convictions beyond a reasonable doubt. People v. Young, 192 Cal.App.3d 812, 818 (Cal.Ct.App.1987). Furthermore, due process requires the existence of an impartial adjudicator. In re Murchison, 349 U.S. 133, 136 (1955); Glasser v. United States, 315 U.S. 60, 85 (1942); Tumey v. Ohio, 273 U.S. 510, 535 (1927). In this case, however, the judge did not abdicate his responsibility to remain neutral. The trial court has discretion to allow the reopening of a case after the close of the evidence. United States v. Huber, 772 F.2d 585, 592 (9th Cir.1985); United States v. Kelm, 827 F.2d 1319, 1323 (9th Cir.1987). The trial court did not abuse its discretion in this case. There was confusion as to the proof of the prior convictions. The judge thought the defendant admitted the priors. The defense counsel thought that the government missed its chance to introduce evidence of the priors and the prosecutor thought there had been an agreement to address the prior convictions later, despite the fact that the defense made no motion to bifurcate. In light of this confusion, it was well within the court's discretion to reopen the evidence.
 
 CONCLUSION
 
 9
 The District Court's denial of Taubman's writ of habeas corpus is affirmed.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3