Filed 7/15/13  P.v. Pacheco CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN GABRIEL PACHECO,<br><br>    Defendant and Appellant. | B238742<br><br>(Los Angeles County<br>Super. Ct. No. TA112645/TA112671) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Eleanor Hunter, Judge.  Affirmed, in part, reversed, in part, and remanded with instructions.

Law Offices of John P. Dwyer, John P. Dwyer, and Jin H. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury found defendant and appellant Christian Pacheco (defendant) guilty of, inter alia, first degree murder, attempted murder, assault with a deadly weapon, assault on a peace officer, and attempting to dissuade two witnesses from testifying. On appeal, defendant contends that the trial court should have stayed under Penal Code section 654[1] the sentence on one of the two convictions for dissuading a witness. He also contends that the trial court should have imposed only one prior prison term enhancement because defendant did not explicitly admit that he served two prior prison terms. In addition, defendant claims that the trial court should not have imposed a $20 DNA fine and that the abstract of judgment should be corrected to reflect the correct amount of presentence custody credit, the correct firearm enhancement, and the correct prison term enhancements.

The Attorney General contends that the trial court properly imposed sentence on both convictions for attempting to dissuade witnesses and that because defendant implicitly admitted that he served two prior prison terms, the trial court properly imposed the two prior prison term enhancements. The Attorney General agrees, however, that the $20 DNA fine should not have been imposed and that the abstract of judgment should be corrected to reflect accurately defendant's sentence enhancements and custody credits.

We hold that the trial court was not required to stay sentence on one of the two convictions for dissuading a witness and that because defendant admitted that he suffered two prior felony convictions within the meaning of section 667.5, subdivision (b), the trial court properly imposed the two sentence enhancements based on those admissions. We also agree that the trial court should not have imposed the $20 DNA fine and that the abstract of judgment should be corrected to show the correct amount of presentence custody credits, the correct firearm enhancement, and the correct prior prison term enhancements.

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

# FACTUAL BACKGROUND[2]

On May 23, 2010, defendant shot Maria Medrano multiple times as she was about to enter a car outside of her house.  Defendant later told Medrano that her boyfriend, Flaco—a fellow gang member—had ordered defendant to shoot her because Flaco believed Medrano had "snitched" on him.

On June 2, 2010, defendant began arguing with his girlfriend, Evelyn Dominguez, while riding in the backseat of a friend's car.  After threatening to kill Dominguez, defendant told the driver to proceed to an isolated area where he pulled Dominguez from the car and shot her 8 times, killing her.

On June 6, 2010, defendant was arrested at a casino after a police officer found a bag of methamphetamine in his pocket.  On September 6, 2010, while in jail, defendant and another inmate attacked John Molina, causing lacerations on his chest, face, head, and right arm, as well as puncture wounds to his back.  Later, while in a holding cell, defendant bragged that he attacked Molina while in custody because he believed Molina had snitched on him in the Medrano case.

On January 10, 2011, a deputy was observing defendant while he showered and noticed that defendant appeared to have something hidden in his foreskin.  When the deputy ordered defendant to remove and drop the hidden item or items, defendant refused to comply and, instead, produced a razor and swung it at the deputy, who tasered him.  The deputy recovered from defendant's foreskin, inter alia, a note containing instructions to Flaco to convince Molina to lie to the police in the case involving Medrano and to convince Medrano either to change what she told investigators concerning defendant shooting her or to "hide" during his trial.

---

[2]     Because defendant raises only sentencing and clerical errors, we summarize the facts adduced at trial to provide a general context for the ensuing discussion.

3

Following trial, the jury found defendant:  guilty on count 1, possession of a controlled substance, in violation of Health and Safety Code section 11377, subdivision (a); guilty on count 2, the attempted murder of Medrano, in violation of sections 664 and 187, subdivision (a) and found the attempted murder was willful, deliberate, and premeditated, but found not true the special allegations to count 2; guilty on count 3, the murder of Dominguez, in violation of section 187, subdivision (a), and found true the allegations that in committing the murder, defendant personally used a firearm, personally discharged a firearm, and personally discharged a firearm causing death within the meaning of section 12022.53, subdivisions (b), (c), and (d); not guilty on count 4, the attempted murder of Molina; guilty on count 5, assault on a peace officer, in violation of section 245, subdivision (c); guilty on count 6, attempting to dissuade a witness, Molina, in violation of section 136.1, subdivision (a)(2; guilty on count 7, dissuading a witness, Medrano, in violation of section 136.1, subdivision (a)(2); guilty on count 8, custodial possession of a weapon, in violation of section 4502, subdivision (a); and guilty on count 9, assault with a deadly weapon on Molina, in violation of section 245, subdivision (a)(1).

At the sentencing hearing, defendant waived jury trial on the prior prison term enhancement allegations and, after a colloquy discussed in detail below, the trial court found two of the prior prison term allegations true.  The trial court sentenced defendant consecutively on the six counts with determinate sentences to 11 years as follows:  On count 5, assault on a peace officer, a high term of five years; on count 1, possession of a controlled substance, a one-third the middle term of eight months; on count 6, attempting to dissuade a witness, Molina, a one-third the middle term of eight months; on count 7, attempting to dissuade a witness, a one-third the middle term of eight months; on count 8, custodial possession of a weapon, a one-third the middle term of one year; on count 9, assault with a deadly weapon on Molina, a one-third the middle term of one year; and on the two prior prison term enhancements, an additional term of two years.  On the two counts with indeterminate sentences, the trial court sentenced defendant consecutively to

an aggregate term to 61 additional years as follows: on count 3, the first degree murder of Dominguez, a term of 25 years to life, plus an additional 25 years to life for the gun use enhancement under section 12022.53 and an additional two years for the two prior prison term enhancements; on count 2, the premeditated attempted murder of Medrano, a life term with a "minimum parole date of seven years [ ] [s]o essentially seven years to life," plus an additional two-year term based on the two prior prison term enhancements. The aggregate sentence for all counts on which defendant was convicted was 72 years to life. The trial court imposed, inter alia, a $20 DNA fine pursuant to Government Code section 76104.7 and awarded defendant 475 days of presentence custody credit.

## DISCUSSION

### A. Sentencing Issues

#### 1. *Section 654 Stay*

Defendant contends that the trial court erred by imposing sentence on both of his convictions for attempting to dissuade a witness. According to defendant, the sentence on one of those convictions should have been stayed under section 654 because each conviction was based on the single act of concealing on his person the note containing instructions to Flaco.

##### a. Background

The note written and concealed by defendant that was recovered following the incident in the jail shower read as follows: "'Prima, tell Flaco that he needs to get at John-John [Molina] and let him know that they picked up a case on me with him. Also, they might subpoena him, John-John, on Cindy's [Medrano's] case as a witness. [¶] In case they do, I need him to say I never told him I was gonna—was supposedly to kill Cindy, that she made that up, that she's lying on you, and also to say that I went to the house but I left before she got shot. [¶] Also, if Flaco can, he needs to somehow get at

5

Cindy and let her know that she needs to change what she said and make it right and say that the D.A. and police scared her and she just wanted to get out of jail, so she just said it was me. I need him to take care of that as soon as possible. [¶] If Cindy could hide while I go to trial, it would be cool, but she needs to change her story.'"

b.       Analysis

Section 654, subdivision (a) provides, in pertinent part : "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

"It is well settled that section 654 protects against multiple punishment, not multiple conviction. (*People* v. *McFarland* (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449].) The statute itself literally applies only where such punishment arises out of multiple statutory violations produced by the 'same act or omission.' (See, e.g., *People* v. *Siko* (1988) 45 Cal.3d 820, 823-826 [248 Cal.Rptr. 110, 755 P.2d 294].) However, because the statute is intended to ensure that [a] defendant is punished 'commensurate with his culpability' ([(*People v.*] *Perez* [(1979)] 23 Cal.3d [545], 551), its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' (*People v. Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].)" (*People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).)

Whether a defendant's multiple convictions were based on the "same act or omission" requires an inquiry into the intent and objective underlying defendant's conduct. "It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. (*In re Hayes* (1969) 70 Cal.2d 604, 609 [75 Cal.Rptr. 790, 451 P.2d 430]; see also *People v. Ratcliffe* (1981) 124 Cal.App.3d 808, 817-818 [177 Cal.Rptr. 627].) We have traditionally observed that if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and

6

therefore may be punished only once. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) [¶] If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' (*Beamon, supra*, 8 Cal.3d at p. 639.) Although the question of whether defendant harbored a 'single intent' within the meaning of section 654 is generally a factual one, the applicability of the statute to conceded facts is a question of law. (*Perez, supra*, 23 Cal.3d at p. 552, fn. 5.)" (*Harrison, supra*, 48 Cal.4th at p. 335.)

Here, the evidence relating to the two dissuading offenses supported a reasonable inference that defendant harbored two distinct intents or objectives when he wrote and concealed the note containing instructions to Flaco. The note showed that defendant intended to cause Flaco to "get at" Molina, inform him that the police had "picked up a case on [defendant] with [Molina]," warn him that he might be subpoenaed in that case, and persuade him to testify that defendant never said he was going to kill Medrano and that defendant left the scene before Medrano was shot. That specific intent to dissuade Molina was independent of and not merely incidental to defendant's intent with regard to Medrano. As the note reflects, defendant also intended to cause Flaco to "get at" Medrano, persuade her to "change what she said" to the District Attorney, and convince her to tell the District Attorney that she had identified defendant as her assailant only because the police had "scared her and she just wanted to get out of jail." In addition, the note also showed that defendant intended to cause Flaco to convince Medrano to "hide while [defendant went] to trial . . . ."

Because the facts relating to the two dissuading convictions, including the language of the note, supported a reasonable inference that defendant harbored separate intents and objectives in writing and concealing the note, the trial court did not err in imposing punishment on both of the dissuading convictions.

7

## 2. *Defendant's Admission of Prior Convictions Within the Meaning of Section 667.5, Subdivision (b)*

Defendant argues that the trial court erred by imposing two prior prison term enhancements under section 667.5, subdivision (b). According to defendant, although he admitted that he had suffered two prior felony convictions for possession of a controlled substance, he did not explicitly admit that he served two separate prison terms based on those convictions. Therefore, defendant maintains that there was insufficient evidence to support the trial court's finding that the two prior prison term allegations under section 667.5, subdivision (b) were true.

### a. Background

As to each count in the information, the District Attorney alleged as follows: "It is further alleged as to counts 1, 2, 3, 4, 5, 6, 7, 8 and 9 *pursuant to Penal Code section 667.5(b)* that the [defendant] has suffered the following prior convictions . . . [including two prior convictions for possession of a controlled substance in October 2007 in San Bernardino County and October 2006 in Los Angeles County] and that *a term was served as described in Penal Code section 667.5 for said offense(s)*, and that the defendant did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term." (Italics added.)

Following the jury's verdict, defendant waived jury trial on the prior conviction allegations under section 667, subdivision (b), opting for a bench trial. The following exchange then took place between and among the trial court, counsel for the parties, and defendant: "[Defense Counsel]: Your Honor, I have spoken to the defendant about *the priors*, and, if it pleases the court, and we can do it on the record now, *he will admit to the two priors*. [¶] The Court: All right. I don't have the information here. [¶] . . . [¶] [Prosecutor]: It's my understanding, your Honor, *he's just going to admit the* [Health and Safety Code section] *11378 priors, not the Federal one*. [¶] The Court: Okay. [Defendant], you do have a right, sir, to have, at this point, a court trial. At the court trial,

8

you have a right to call your own witnesses; you have a right to confront witnesses; and you have a right against self-incrimination. Do you understand those rights, sir? [¶] Defendant: Yes. [¶] The Court: Do you waive and give up those rights? [¶] Defendant: Yes. [¶] The Court: It alleges, as to all counts, that *pursuant to Penal Code section 667.5(B), that you suffered the following prior convictions*: On or about October 1st, 2007, in "F," as in "Frank," VA02793, a violation of Health & Safety Code section 11378; on or about October 14, 2006, in VA097577, a violation of Health & Safety Code section 11377(A)[3]; it further alleges that on or about September 13, 2006, in VA096800, you suffered a conviction of Penal Code section 496, subsection (D).[4] *Do you admit that you suffered those prior convictions?* [¶] *The Defendant: Yes.* [¶] The Court: All right. Counsel join in the waivers, concur in the plea, stipulate there's a factual basis? [¶] [Defense Counsel]: So joined and stipulated. [¶] The Court: All right. The court's going to find the waivers to be knowingly, intelligently, and understandably made; the admissions are freely and voluntarily made. I'll go ahead and find the defendant has suffered those prior convictions." (Italics added.)

As discussed above, the trial court imposed sentence enhancements based on the true finding on the two prior prison term allegations as follows: on the aggregate consecutive sentence on the counts with determinate sentences, an additional two years for each prior prison term enhancement; and on the sentences on the two counts with indeterminate sentences, an additional two years on each count for each prior prison term enhancement.

---

3    The information alleges that the October 2006 conviction in Los Angeles County was for violation of Health and Safety Code section 11378, not section 11377, subdivision (a).

4    The prior conviction for violation of section 496d was alleged only as to a codefendant and therefore was mistakenly included by the trial court as a prior conviction suffered by defendant. The third conviction alleged against defendant in the information was a federal conviction in Indiana for violation of "U.S.C. 5212." This third prior prison term allegation was apparently stricken in return for defendant's agreement to admit the two prior prison term allegations based on his two convictions for possession of a controlled substance.

b.        Analysis

Section 667.5, subdivision (b) provides in pertinent part:  "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:  [¶]  . . . [¶]  (b)  Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, *the court shall impose a one-year term for each prior separate prison term or county jail term imposed* under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended. . . ."  (Italics added.)

"Imposition of a sentence enhancement under Penal Code section 667.5 requires proof that the defendant:  (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction.  (*People* v. *Elmore* (1990) 225 Cal.App.3d 953, 956-957 [275 Cal.Rptr. 315].)"  (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)

As the court in *People v. Watts* (2005) 131 Cal.App.4th 589 explained "generally an admission of a prior conviction allegation admits all elements of the prior conviction and all elements of offenses necessarily included in the prior conviction offense, just as a plea of guilty admits every element of a charged offense.  (Cf. *People v. Westbrook* (1999) 43 Cal.App.4th 220, 223-224 [51 Cal.Rptr.2d 1] [a guilty plea admits every element of the charged offense and is a conclusive admission of guilt, and '[a]dmissions of enhancements are subject to the same principles as guilty pleas'].)"  (*Id.* at pp. 594-595.)

10

Here, the section 667.5, subdivision (b) allegation expressly stated, not only that defendant had suffered, inter alia, the two prior California felony convictions for drug possession, but also that "a term was served as described in Penal Code section 667.5 for said offense(s) . . . ." Thus, the exchange between and among the trial court, counsel for the parties, and defendant relating to this issue must be construed in the context of that prior prison term allegation.

The exchange began with defendant's trial counsel referring to the "two priors" and defendant's willingness to admit the "two priors," presumably the two prior felony convictions for which a prison term allegedly had been served. The prosecutor also specified the "[Health and Safety Code section] 11378 priors, not the Federal one." The only special allegation in the information based on prior convictions was the allegation made expressly within the meaning of section 667.5, subdivision (b), which allegation also specified the two prior convictions for drug possession. Moreover, neither defendant nor his trial counsel stated or implied that his admissions would be limited to only that part of the prior prison term allegation dealing with the fact of his two convictions, and would not include the additional fact he served two separate prison terms.

When viewed in that context, it is evident that the trial court, counsel for the parties, and defendant all understood that defendant was admitting the prior prison term allegation within the meaning of section 667.5, subdivision (b) in its entirety. Because admissions relating to enhancements are subject to the same principles as guilty pleas, defendant's admission in this context included all of the elements of the section 667.5, subdivision (b) enhancement. (See *People v. Watts, supra,* 131 Cal.App.4th at pp. 594-595.) Thus, the plain import of the exchange with the trial court on this issue was that defendant was admitting that he served two prison terms on the two alleged convictions for drug possession,[5] and that admission was substantial evidence in support of the trial court's true finding on the prior prison term allegations.

---

[5] In his opening brief, defendant cites to the probation report and argues that it shows that his sentences on the two convictions for possession of a controlled substance were served concurrently. He also cites to a printout from the San Bernardino County

11

*3.      $20 DNA Fine*

Defendant asserts, and the Attorney General concedes, that the trial court erred by imposing a $20 DNA fine.  We agree.

At the sentencing hearing, the trial court imposed a "$20 DNA fine," but did not specify the statutory section under which that fine was imposed.  The sentencing minute order, however, specifies that the fine was imposed under Government Code section 76104.7.  But the fine in that section cannot be imposed unless a penalty has been imposed under Government Code section 76104.6.  No such penalty was imposed or authorized in this case.  (See *People v. Valencia* (2008) 166 Cal.App.4th 1392, 1396.)  Therefore, the $20 DNA fine should be stricken from the abstract of judgment.

## B.      Errors in Abstract

*1.      Presentence Custody Credits*

The parties agree that defendant is entitled to 25 additional days of actual presentence custody credit.  It appears from the record that defendant was arrested on June 6, 2010, and was sentenced on October 10, 2011.  He was therefore entitled to 500 days of actual custody credit, not the 475 days awarded by the trial court.  The abstract of judgment should therefore be modified to reflect an additional 25 days of presentence actual custody credit.

*2.      Gun Enhancement*

The trial court sentenced defendant on count 3—the murder of Dominguez—to an additional consecutive sentence of 25 years to life based on a gun use enhancement, but cited section 12022.53, subdivision (b).  The 25 years to life sentence enhancement,

Superior Court website that is attached to his request for judicial notice, and asserts that it shows his sentence on the October 2007 conviction was "to run concurrent to any other time."  The probation report, however, is not evidence (see *People v. Lockwood* (1967) 253 Cal.App.2d 75, 81) and because the printout was not before the trial court, we deny defendant's request that we take judicial notice of it.

however, was authorized under subdivision (d). The abstract of judgment should therefore be modified to reflect that the gun use enhancement was imposed under section 12022.53, subdivision (d).

### 3. *Prior Prison Term Enhancements*

As noted, the information alleged prior prison term allegations under section 667.5, subdivision (b), which provides for a one-year sentence enhancement for each prior prison term. The trial court's oral pronouncement, the sentencing minute order, and the abstract of judgment all reflect that one-year prior prison term enhancements were imposed based on each of the two prior prison terms admitted by defendant, but also reflect that the enhancements were imposed under section 667.5, subdivision (a), which provides for a three-year enhancement for prior prison terms served for convictions of violent felonies. The sentencing minute order and abstract of judgment should therefore be modified to reflect that the one-year prior prison term enhancements were imposed under section 667.5, subdivision (b).

## DISPOSITION

The judgment is reversed and remanded for the limited purpose of striking the $20 DNA fine from the abstract of judgment and modifying the abstract to reflect that defendant was awarded 500 days of presentence actual custody credit, that the gun use enhancement on count 3 was imposed under section 12022.53, subdivision (d), and that the one-year prior prison term enhancements were imposed under section 667.5, subdivision (b).  In all other respects, the judgments of conviction are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORT

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

14